UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEON BARTON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>T. FELKER,<br><br>　　　　　Respondent. | 1:08-cv-01656-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER DIRECTING THAT A RESPONSE BE FILED BY PETITIONER WITHIN THIRTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus, challenging Petitioner's 2002 conviction for possession of a controlled substance and various sentence enhancements as well as the subsequent twenty-year sentence, was filed on October 14, 2008, in the Sacramento Division of this Court and transferred to the Fresno Division of this Court on October 29, 2008. (Docs. 1 & 4).

In his petition, Petitioner, relying on the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), contends that he was denied his Sixth Amendment right to a jury trial when the state trial court, applying California's Determinate Sentencing Law ("DSL"), imposed the upper term sentence on the principal charge without first submitting the facts supporting the upper-term sentence to a jury. (Doc. 1, p. 5).

A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). In Herbst, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst, 260 F. 3d at 1041-1042. Here, by issuing this Order to Show Cause and permitting Petitioner to file a response thereto, the Court is affording Petitioner the opportunity to respond required by the Ninth Circuit.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) , overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on October 14, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. 28 U.S.C. § 2244(d)(1)(a). Following that premise, Petitioner was convicted on November 8, 2002. (Doc. 1, p. 1). The California Court of Appeal affirmed Petitioner's conviction on November 18, 2003. (Id. at p. 2). Petitioner did not file a petition for review.[1] According to the California Rules of Court, a decision of the California Court of Appeal becomes final thirty days after filing, Cal.Rules of Court, Rule 8.264(b)(1),[2] and an appeal must be taken to the California Supreme Court within ten days of finality, Cal.Rules of Court, Rule 8.500(e)(1).[3] Petitioner's conviction would become final forty days after November 8, 2002, or on December 19, 2002. The one-year limitation period under the AEDPA would commence the following day, on December 20, 2002 and expire one year later on December 20, 2003. As mentioned, the instant petition was filed on October 14, 2008, almost five years <u>after</u> the limitations period would have

---

[1] The Court has accessed the electronic database of the California court system to verify the facts submitted by Petitioner in his petition. The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

[2] The previous rule, Rule 24(a) of the California Rules of Court, was renumbered as Rule 8.264 and amended, effective January 1, 2007.

[3] The previous rule, Rule 28(b) of the California Rules of Court was renumbered as Rule 8.500 and amended, effective January 1, 2007.

3

expired under § 2244(d)(1)(a).  Thus, unless some other provision of § 2244(d)(1) is applicable, or unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and must be dismissed.

Here, Petitioner implicitly contends that, for purposes of a claim founded on <u>Cunningham</u>, the AEDPA's one-year limitation period did not commence until that case was decided in 2007 by the United States Supreme Court.  This is incorrect.

As indicated above, the one-year limitation period commences on the latest of one of the four dates set forth in § 2244(d)(1).  Normally, that date would be the date the petitioner's conviction became final.  § 2244(d)(1)(A).  However, the statute of limitations may also commence upon the removal of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States."  § 2244(d)(1)(B).  The record does not suggest, and Petitioner does not contend, that any such impediment ever existed or that it was subsequently removed.  Accordingly, that date is inapplicable.

Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of limitations.  Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001); <u>see</u> <u>United States v. Pollard</u>, 416 F.3d 48, 55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating conversation with an attorney or fellow prisoner" does not satisfy the requirements of section 2244(d)(1)(D)).  Here, Petitioner plainly knew, or should have known, by December 20, 2002, the "important fact[s]" on which he bases his <u>Cunningham</u> claim, i.e., that the upper-term sentence imposed by the state trial court was not based in part on facts not submitted to a jury and proven beyond a reasonable doubt.  The running of the statute of limitations does not await illuminating advice, legal research, or the issuance of judicial decisions that help potential petitioners to recognize the legal significance of particular predicate facts.  <u>See</u> <u>id.</u>

Finally, § 2244(d)(1)(C) provides that the one-year period may commence from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review...." Presumably, Petitioner implicitly contends that this date applies by virtue of the Supreme Court's 2007 decision in Cunningham that California's DSL was unconstitutional.

Section 2244(d)(1)(C), however, is inapplicable to Cunningham because the United States Supreme Court has not held that Cunningham constitutes both (1) a new rule and (2) a rule retroactively applicable to cases on collateral review. To the contrary, the Ninth Circuit, in Butler v. Curry, 528 F.3d 624, 633-639 (9th Cir. 2008), held that Cunningham did *not* announce a new rule. In Butler, the Ninth Circuit clarified that the Cunningham decision, striking down California's determinate sentencing law, was compelled by Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before Blakely, not Cunningham, was decided. Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

> Apprendi,[4] Blakely,[5] and Booker[6] made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

Butler, supra, at 639. (Emphasis supplied).

Apprendi, Blakely, and Booker have been determined to be new rules, but not retroactive on collateral review, thereby not satisfying the second requirement of Section 2244(d)(1)(C).[7] Cunningham has now been determined by the Ninth Circuit to apply retroactively to cases on

---

[4] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

[5] Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose solely based on the facts reflected in the jury's verdict or admitted by defendant.

[6] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

[7] See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005)(Apprendi not retroactive); U.S. v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002)(same); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

5

collateral review, but is not a new rule, thereby not satisfying the second requirement of Section 2244(d)(1)(C). Butler, 528 F.3d at 639.  Hence, contrary to Petitioner's implicit contention, the alternative start date contained in subsection (C) for the one-year limitation period in Petitioner's case is not implicated by any of the applicable federal case law.  Accordingly, the commencement of the statute of limitations here is governed by the "usual" starting date contained in Section 2244(d)(1)(A).  This conclusion is consistent with the great majority of federal district courts in this circuit who have addressed this issue.  E.g., Martinez v. Hedgepeth, 2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)(because Cunningham was not a new rule, subsection C is inapplicable); Thomas v. Yates, 2008 WL 4177608, at *2 (E.D. Cal. Sept. 4, 2008)(same); Bell v. Adams, 2008 WL 4722564, at *3 (C.D. Cal. Oct. 23, 2008)(same); Collett v. Salazar, 2008 WL 4601463, at *2 (C.D. Cal. Oct. 14, 2008)(same); Taylor v. Vasquez, 2008 WL 4723022, at *2-3 (C.D. Cal. Oct. 21, 2008)(same); Schuller v. Horel, 2008 WL 3914171, at *1 n.2 (C.D. Cal. Aug. 25, 2008)(same); Pimental v. Almager, 2008 WL 2757075, at *3 (C.D. Cal. July 14, 2008)(same).[8]

As discussed above, using subsection (A) as the starting date inexorably leads to a conclusion that the instant petition was filed nearly five years, *after* the one-year period expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling sufficient to account for the five-year delay, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[9]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

---

[8] The Court has been unable to find a district court case that reaches a different conclusion than those cited herein.

[9] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead

557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005. However, the limitation period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182 (2001); see also Fail v. Hubbard, 315 F.3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

Here, a review of the California courts' electronic database indicates that Petitioner filed the following state habeas petitions: (1) two petitions filed in the 5th DCA on December 29, 2003 in case no. F044578 for Superior Court case nos. CRF8904 and CRF7485, both of which were denied on May 27, 2004; (2) a petition filed in the 5th DCA on November 29, 2007 and denied on December 6, 2007; (3) a petition filed in the California Supreme Court on January 2, 2008 and denied on June 18, 2008.[1]

Assuming, without deciding, that Petitioner was entitled to statutory tolling from the date he

---

file an original habeas petition in the Supreme Court. See id.

[1] Petitioner also indicates that he filed a second petition in the California Supreme Court, but that he withdrew that petition prior to disposition. (Doc. 1, p. 4). The Court is unable to locate any information in the California courts' electronic database regarding such a filing. If Petitioner contends that such a petition was "properly filed" under the AEDPA so as to entitle Petitioner to statutory tolling during its pendency, he must, in his response to this Order to Show Cause, provide additional information regarding that petition, e.g., the date he filed such a petition, the date he withdrew it, a copy of the petition itself containing any court date stamps, and any other documents received from the California Supreme Court pertaining to that petition that would substantiate his entitlement to statutory tolling.

filed the first two state petitions in the 5th DCA on December 29, 2003 until those petitions were denied on May 27, 2004, the one-year period would have commenced the following day, on May 28, 2004, and would have expired on May 28, 2005. This still results in a finding that the instant petition was untimely by almost three and one-half years.

Petitioner is not entitled to statutory tolling for the state petitions filed in the 5th DCA on November 29, 2007 and in the California Supreme Court on January 2, 2008, because a petitioner is not entitled to statutory tolling where the limitation period has *already run* prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820,  (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Since the limitation period would have expired no later than May 28, 2005, subsequently-filed state petitions would have no tolling effect.

In sum, it appears that Petitioner has an unexplained three and one-half year gap between the end of any possible statutory tolling and the filing of the instant petition that would make the petition untimely under the AEDPA unless Petitioner is entitled to equitable tolling.

D.  Equitable Tolling

The limitations period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F.3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

A petitioner's ignorance of the law does not warrant equitable tolling. Raspberry v. Garcia, 448 F. 3d 1150, 1154 (9th Cir. 2006)(citing Allen v. Yukins, 366 F. 3d 396, 403 (6th Cir. 2004); United States v. Sosa, 364 F. 3d 507, 512 (4th Cir. 2004); Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir. 2000); and Felder v. Johnson, 204 F. 3d 168, 171-172 n. 10 (5th Cir. 2000)). A

petitioner's claim of illiteracy is not grounds for equitable tolling.  See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Similarly, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case.  See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Here, Petitioner has made no allegation of entitlement to equitable tolling and the record does not disclose any basis for such a claim.  Accordingly, because the instant petition appears to have been filed over three and one-half years after the one-year period would have expired under even the most liberal construction of the applicable tolling provisions, it appears that the petition is untimely and must be dismissed.  In order to avoid dismissal of the instant petition, Petitioner must, in his response, provide information sufficient to allay the Court's expressed concerns about the apparent untimeliness of the petition.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

1  Petitioner is forewarned that his failure to comply with this order may result in dismissal of
2  the Petition pursuant to Local Rule 11-110.
3
4  IT IS SO ORDERED.
5  Dated:  **December 5, 2008**                                              **/s/ Theresa A. Goldner**
                                                                        UNITED STATES MAGISTRATE JUDGE