1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACK LEON BARTON, | ) | 1:08-cv-01656-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS FOR VIOLATION OF |
| v. | ) | THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS (Doc. 1) |
| | ) | |
| T. FELKER, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE THE |
| Respondent. | ) | FILE |
| | ) | |

**PROCEDURAL HISTORY**

_____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus, challenging Petitioner's 2002 conviction for possession of a controlled substance and various sentence enhancements as well as the subsequent twenty-year sentence, was filed on October 14, 2008, in the Sacramento Division of this Court and transferred to the Fresno Division on October 29, 2008. (Docs. 1 & 4).

In his petition, Petitioner, relying on the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), contends that he was denied his Sixth Amendment right to a jury trial when the state trial court, applying California's Determinate Sentencing Law ("DSL"), imposed the upper term sentence on the principal charge without first submitting the facts supporting the upper-term sentence to a jury.  (Doc. 1, p. 5).

A preliminary review of the Petition indicated that the petition may be untimely and should

1

1  therefore be dismissed.    Accordingly, the Court, on December 5, 2008, issued an Order to Show

2  Cause why the petition should not be dismissed as untimely.  (Doc. 8).  The Order afforded

3  Petitioner an opportunity to file a response within thirty days.  (Id.).  To date, Petitioner has filed no

4  response.

5         On November 12, 2008, Petitioner filed his written consent to the jurisdiction of the United

6  States Magistrate Judge for all purposes.  (Doc. 6).

7                                            **DISCUSSION**

8         A.  Preliminary Review of Petition

9         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

10  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

11  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

12  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

13  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

14  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

15  Cir.2001).

16         The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

17  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

18  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  Here, the Court's

19  December 5, 2008 Order to Show Cause, permitting Petitioner to file a response thereto, afforded

20  Petitioner the opportunity to respond required by the Ninth Circuit.

21         B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

22         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

23  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

24  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

25  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied*, 118 S.Ct. 586

26  (1997).  The instant petition was filed on October 14,  2008, and thus, it is subject to the provisions

27  of the AEDPA.

28         The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

2

petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. 28 U.S.C. § 2244(d)(1)(a). Following that premise, Petitioner was convicted on November 8, 2002. (Doc. 1, p. 1). The California Court of Appeal affirmed Petitioner's conviction on November 18, 2003. (Id. at p. 2). Petitioner did not file a petition for review.[1] According to the California Rules of Court, a decision becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days of finality. Rule 24(a), 28(b), Cal.R.Ct. Petitioner's conviction would become final forty days after November 8, 2002, or on December 19, 2002. The one-year limitation period under the AEDPA would commence the following day, on December 20, 2002 and expire 365 days later, on December 19, 2003. As

---

[1]The Court has accessed the electronic database of the California court system to verify the facts submitted by Petitioner in his petition. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

1  mentioned, the instant petition was filed on October 14, 2008, almost five years <u>after</u> the limitations

2  period would have expired under § 2244(d)(1)(a).  Thus, unless some other provision of § 2244(d)(1)

3  is applicable, or unless Petitioner is entitled to some form of statutory or equitable tolling, the

4  petition is untimely and must be dismissed.

5          Here, Petitioner implicitly contends that, for purposes of a claim founded on <u>Cunningham</u>,

6  the AEDPA's one-year limitation period did not commence until that case was decided in 2007 by

7  the United States Supreme Court.  This is incorrect.

8          As indicated above, the one-year limitation period commences on the latest of one of the four

9  dates set forth in § 2244(d)(1).  Normally, that date would be the date the petitioner's conviction

10  became final.  § 2244(d)(1)(A).  However, the statute of limitations may also commence upon the

11  removal of an "impediment to filing an application created by State action in violation of the

12  Constitution or laws of the United States."   § 2244(d)(1)(B).   The record does not suggest, and

13  Petitioner does not contend, that any such impediment ever existed or that it was subsequently

14  removed.  Accordingly, that date is inapplicable.

15          Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of

16  limitations.  Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence

17  could discover) the important facts, not when the prisoner recognizes their legal significance."

18  <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001); <u>see</u> <u>United States v. Pollard</u>, 416 F.3d 48,

19  55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating

20  conversation with an attorney or fellow prisoner" does not satisfy the requirements of section

21  2244(d)(1)(D)).  Here, Petitioner plainly knew, or should have known, by December 20, 2002, the

22  "important fact[s]" on which he bases his <u>Cunningham</u> claim, i.e., that the upper-term sentence

23  imposed by the state trial court was not based in part on facts not submitted to a jury and proven

24  beyond a reasonable doubt.  The running of the statute of limitations does not await illuminating

25  advice, legal research, or the issuance of judicial decisions that help would-be petitioners to

26  recognize the legal significance of particular predicate facts.  <u>See</u> <u>id</u>.

27          Finally, § 2244(d)(1)(C) provides that the one-year period may commence from "the date on

28  which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

1  been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

2  review...."  Presumably, Petitioner implicitly contends that this date applies by virtue of the Supreme

3  Court's 2007 decision in Cunningham that California's DSL was unconstitutional.

4      Section 2244(d)(1)(C), however, is inapplicable to Cunningham because the United States

5  Supreme Court has not held that Cunningham constitutes both (1)  a new rule and (2) a rule

6  retroactively applicable to cases on collateral review.  To the contrary, the Ninth Circuit, in Butler v.

7  Curry, 528 F.3d 624, 633-639 (9th Cir. 2008), held that Cunningham did *not* announce a new rule.  In

8  Butler, the Ninth Circuit clarified that the Cunningham decision, striking down California's

9  determinate sentencing law, was compelled by Blakely v. Washington, 542 U.S. 296 (2004), such

10  that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a

11  threshold matter, on whether or not his conviction became final before Blakely, not Cunningham,

12  was decided.  Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit

13  panel stated as follows:

14      Apprendi,[2] Blakely,[3] and Booker[4] made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the

15  constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable

16  state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

17

18  Butler, supra, at 639. (Emphasis supplied).

19      Apprendi, Blakely, and Booker have been determined to be new rules, but not retroactive on

20  collateral review, thereby not satisfying he second requirement.[5]  Cunningham has now been

21  determined by the Ninth Circuit to apply retroactively to cases on collateral review, but is not a new

22  [2]Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond

23  a reasonable doubt.

24  [3]Blakely held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose soley based on the facts reflected in the jury's verdict or admitted by defendant.

25

26  [4]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

27

28  [5]See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005)(Apprendi not retroactive); U.S. v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002)(same); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

1  rule, thereby not satisfying the first requirement.  Butler, 528 F.3d at 639. Hence, contrary to

2  Petitioner's implicit contention, the alternative start date contained in subsection (C) for the one-year

3  limitation period in Petitioner's case is not implicated by any of the applicable federal case law.

4       Accordingly, the commencement of the statute of limitations here is governed by the "usual"

5  starting date contained in subsection (A).  This conclusion is consistent with the great majority of

6  federal district courts in this circuit who have addressed this issue.  E.g., Martinez v. Hedgepeth,

7  2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)(because Cunningham was not a new rule,

8  subsection C is inapplicable); Thomas v. Yates, 2008 WL 4177608, at *2 (E.D. Cal. Sept. 4,

9  2008)(same); Bell v. Adams, 2008 WL 4722564, at *3 (C.D. Cal. Oct. 23, 2008)(same); Collett v.

10  Salazar, 2008 WL 4601463, at *2 (C.D. Cal. Oct. 14, 2008)(same); Taylor v. Vasquez, 2008 WL

11  23022, at *2-3 (C.D. Cal. Oct. 21, 2008)(same); Schuller v. Horel, 2008 WL 3914171, at *1 n.2

12  (C.D. Cal. Aug. 25, 2008)(same); Pimental v. Almager, 2008 WL 2757075, at *3 (C.D. Cal. July 14,

13  2008)(same).[6]

14       As discussed above, using subsection (C) as the starting date inexorably leads to a conclusion

15  that the instant petition was filed five years *after* the one-year period expired.  Thus, unless

16  Petitioner is entitled to either statutory or equitable tolling sufficient to account for the five-year

17  delay, the petition is untimely and must be dismissed.

18       C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

19       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

20  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

21  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

22  Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

23  state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

24  challenge."[7]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see, also, Taylor v. Lee, 186 F.3d

25

26       [6]The Court has been unable to find a district court case that reaches a different conclusion than those cited herein.

27       [7]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas
28  corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus
   relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of
   Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may

1    557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned

2    that tolling the limitations period during the time a petitioner is preparing his petition to file at the

3    next appellate level reinforces the need to present all claims to the state courts first and will prevent

4    the premature filing of federal petitions out of concern that the limitation period will end before all

5    claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is

6    not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S.

7    167, 181-182 (2001); see Fail v. Hubbard, 272 F.3d 1133, 1135-1136 (9th Cir.2001).

8        This statutory tolling will apply if a state petition has been "properly filed."  Artuz v. Bennett,

9    531 U.S. 4, 8 (2000)(holding that a properly filed state application complies with the applicable laws

10   and rules governing filings, including the form of the application and time limitations).  A state

11   habeas petition is "pending" during a full round of review in the state courts, a period that includes

12   the time between a lower court decision and filing a new petition in a higher court as long as those

13   intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-224 (2002).

14       Here, a review of the California courts' electronic database indicates that Petitioner filed the

15   following state habeas petitions: (1) two petitions filed in the 5th DCA on December 29, 2003 in case

16   no. F044578 for Superior Court case nos. CRF8904 and CRF7485, both of which were denied on

17   May 27, 2004; (2) a petition filed in the 5th DCA on November 29, 2007 and denied on December 6,

18   2007; (3) a petition filed in the California Supreme Court on January 2, 2008 and denied on June 18,

19   2008.[1]

20       Using the above dates as reference points, Petitioner would not be entitled to statutory tolling

21   for any of his state habeas petitions because the one-year period had already expired on December

22   18, 2003, ten days before Petitioner filed his first two state petitions in the 5th DCA.   A petitioner is

23   not entitled to tolling where the limitations period has *already run* prior to filing a state habeas

24   _____

25   instead file an original habeas petition in the Supreme Court.  See, id.

26

27   [1]Petitioner also indicates that he filed a second petition in the California Supreme Court, but that he withdrew that petition prior to disposition.  (Doc. 1, p. 3).  The Court has been unable to locate any information in the California courts'

28   electronic database regarding such a filing. This issue was specifically addressed in the Court's Order to Show Cause. However, as mentioned previously, Petitioner never chose to file a response to that Order to Show Cause or to otherwise address this particular point.

1    petition. <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256,

2    1259 (11th Cir. 2000)(same); <u>Ferguson v. Palmateer</u>, 321 F.3d 820 (9th Cir. 2003)("section 2244(d)

3    does not permit the reinitiation of the limitations period that has ended before the state petition was

4    filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims

5    raised in state habeas corpus filed after expiration of the one-year limitations period).[2]

6              D.  Equitable Tolling

7         The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

8    prisoner's control" have made it impossible for the petition to be filed on time.  <u>Calderon v. U.S.</u>

9    <u>Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107

10   F.3d 696, 701 (9th Cir. 1997); <u>(Beeler)</u>, 128 F.3d at 1288 (noting that "[e]quitable tolling will not be

11   available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

12   beyond a prisoner's control make it impossible to file a petition on time"). "When external forces,

13   rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable

14   tolling of the statute of limitations may be appropriate." <u>Id</u>.; <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107

15   (9th Cir. 1999).

16        A petitioner's ignorance of the law is not grounds for equitable tolling.  <u>Raspberry v. Garcia</u>,

17   448 F.3d 1150, 1154 (9th Cir. 2006).  Moreover, Petitioner's claims of ignorance of the law and

18   illiteracy are insufficient to justify equitable tolling.  <u>See</u>, e.g., <u>Hughes v. Idaho State Bd. of</u>

19   <u>Corrections</u>, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of

20   law unfortunate but insufficient to establish cause);  <u>Fisher v. Johnson</u>, 174 F.3d 710 (5th Cir. 1999);

21   <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir.1991).

---

23   [2]In <u>Houston v. Lack</u>, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  <u>Houston v. Lack</u>, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's

24   mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." <u>Miller v. Sumner</u>, 921 F.2d 202, 203 (9th Cir. 1990); <u>see</u>, <u>Houston</u>, 487 U.S. at 271, 108 S.Ct. at 2382.  The

25   Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  <u>Saffold v. Neland</u>, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on*

26   *other grounds sub nom*. <u>Carey v. Saffold</u>, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  <u>Jenkins v.</u>

27   <u>Johnson</u>, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Here, Petitioner has not provided the Court with copies of the state petitions he filed and therefore there is nothing in the record on which the Court can base an earlier filing date than the one

28   listed by the state courts in the State's electronic database.  It is Petitioner's burden to establish entitlement to statutory tolling, and he has not established an entitlement to the use of an earlier filing date than December 29, 2003.

1    Similarly, unpredictable lockdowns or library closures do not constitute extraordinary

2 circumstances warranting equitable tolling in this case.  For these reasons, this court finds that the

3 lockdowns and limited library access do not warrant equitable tolling in this case. See, United States

4 v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from

5 court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law

6 library were not extraordinary circumstances and did not equitably toll one-year statute of

7 limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted

8 library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll

9 the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must

10 take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's

11 alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer,

12 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute

13 extraordinary circumstances warranting equitable tolling).

14    Here, Petitioner has made no implicit or explicit allegation of entitlement to equitable tolling

15 and the record does not disclose any basis for such a claim.  Accordingly, because the instant petition

16 filed over five years after the one-year period expired, the petition is untimely and must be

17 dismissed.

18                              **<u>ORDER</u>**

19    Accordingly, the Court HEREBY ORDERS as follows:

20    1.   The Petitioner for writ of habeas corpus (Doc. 1), is DISMISSED for violation of the one-

21         year statute of limitations in 28 U.S.C. § 2244(d); and,

22    2.   The Clerk of the Court is DIRECTED to enter judgment and close the file.

23

24 IT IS SO ORDERED.

25 **Dated:    July 2, 2009**                    _____/s/ Sandra M. Snyder_____
                                              UNITED STATES MAGISTRATE JUDGE
26

27

28

                                        9